# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS SMITH,

    Defendant.

Case No. 1:24-cr-00042-DLF-1

    MARCUS SMITH ("Mr. Smith"), by and through his counsel of record, Kevin A. Tate, Litigation Resource Counsel, and Benjamin Nemec, Assistant Federal Defender, Federal Public Defender-District of Nevada, hereby files this motion to continue the Court's **January 17, 2025**, sentencing date for not less than 30 days.

    Mr. Smith was charged by way of indictment with (1) destruction of government property; (2) entering and remaining in a restricted building or grounds; (3) disorderly and disruptive conduct in a restricted building or grounds; (4) engaging in physical violence in a restricted building or grounds; (5) disorderly conduct in a capitol building; (6) act of physical violence in the capitol grounds or buildings; and (7) parading, demonstrating, or picketing in a capitol building.[1] On September 30, 2024, a jury found Mr. Smith guilty on all counts.[2]

---

[1] ECF No. 1.
[2] ECF No. 59.

A little over a month later, on November 5, 2024, Donald Trump won the presidential election. He is now slated to start his term as the 47th president on January 20, 2025.

The outcome of this election bares directly on Mr. Smith's case. A central campaign promise from President Trump was to pardon those involved in January 6, 2021. Referring to the January 6th participants, he averred that he is "going to be acting very quickly. First day . . . They've been in there for years, and they're in a filthy, disgusting place that should even be allowed to be open."3 President Trump believes those involved with January 6th "have been put through a 'very nasty system.'"4 President Trump did not rule out pardoning people who admitted to assaulting police officers "[b]ecause they had no choice."5

That wasn't the only time President Trump promised to pardon January 6th participants—"President-elect Donald Trump has repeatedly pledged to pardon US Capitol rioters on Day One."6 "The incoming administration does not want to 'let people rot in prison while we figure out whether they should get a pardon.'"7

While presumably this Court disagrees with President Trump's disparaging remarks regarding the fairness of the January 6th trials and punishments. Nevertheless, President Trump's repeated refrain regarding taking swift and

---

3 Ryan J. Reilly, *Trump will 'most likely' pardon Capitol rioters on day one and says Jan. 6 committee members should be jailed,* NBC news, https://www.nbcnews.com/politics/donald-trump/trump-will-likely-pardon-capitol-rioters-day-1-says-jan-6-committee-me-rcna183275.
4 *Id.*
5 *Id.*
6 Katelyn Polantz, Paula Reid, Hannah Rabinowitz, *"The Statements change every day": Capitol rioters try to parse Trump's pardon pledges*, CNN, https://www.cnn.com/2024/12/13/politics/trump-january-6-pardons/index.html.
7 *Id.*

sweeping executive action means that if this Court sentences Mr. Smith on January 17, 2025, all the resources poured into that sentencing could be undone just three days later when President Trump takes office. Taxpayers will have bore the burden of flying Mr. Smith's defense counsel (one of whom lives across the country) to Washington D.C. and will have paid whatever portion of salary to support court staff and government attorneys necessary to hold the hearing.

      Certainly, there is no guarantee Mr. Smith will be pardoned. President Trump is a politician, and the promises of politicians before obtaining office often run into the realities of government machinations. But there is a very real possibility Mr. Smith will be pardoned on or close to January 20, 2025. And with that very real possibility, judicial economy would dictate that this Court should continue the sentencing hearing to avoid having a judgment mooted just three days later.

      In addition, should President Trump pardon all or a large portion of January 6th participants, anyone not already sentenced will receive no custodial time. That means, should this Court choose to sentence Mr. Smith to a custodial sentence on January 17, 2025, it will unknowingly create a sentencing disparity with those who are pardoned without a sentence. That, combined with judicial economy, warrants a continuance.

**WHEREFORE**, Marcus Smith request his sentencing be continued for 30 days.

Respectfully submitted,
/s/ Kevin A, Tate
Kevin A. Tate
Litigation Resource Counsel-AFD
Nevada State Bar No: 8987
Benjamin Nemec
Assistant Federal Defender
Nevada State Bar No. 14591
Federal Public Defender, District of Nevada
411 East Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
Email: Kevin_Tate@fd.org
Ben_Nemec@fd.org
Phone: (702) 388-6577
*Counsel for* **MARCUS SMITH**

Dated: January 3, 2025